## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Allen Ray Furman

v.

Furman

### February 9, 1983

### Case No. (Law) 7556

By JUDGE DONALD H. KENT

Allen Ray Furman has filed a motion for declaratory judgment seeking an order of this Court recognizing the validity of a decree of divorce entered by the Civil Court of the Republic of Haiti on July 23, 1980.

The plaintiff is a foreign service officer who resided in Washington, D.C. for several years prior to being transferred by government order to Haiti in September 1978. He remained in Haiti for a period of time following the Haitian divorce and presently is stationed in Rome, Italy with the foreign service. The defendant is a resident of Virginia and made no appearance in the Haitian proceeding.

The general rule in most American jurisdictions is that an American court will refuse to recognize a foreign divorce unless at least one of the spouses was a good-faith domiciliary in the foreign nation at the time the divorce was rendered. Swisher, "Are Foreign Migratory Divorces Valid in Virginia?" *Family Law Section Newsletter*, volume 3, number 3, page 7 (1982).

The plaintiff failed to present any facts which would indicate that he intended to remain in Haiti for an indefinite period. The only fact presented by the plaintiff was that he was physically present in Haiti as an officer of the United States Government. He

maintained his U.S. citizenship and continued to pay taxes in the United States while in Haiti.

Being employed in governmental service in a civilian capacity, irrespective of length of time, normally does not bring about a change in domicile for purposes of divorce jurisdiction, in the absence of clear proof of a concurrent intention to abandon the old domicile and acquire a new one. Annot., 129 A.L.R. 1391 (1940), 36 A.L.R.2d 778 (1954).

Ms. da Cruz [counsel for the defendant] should prepare an order which indicates that this Court does not recognize the Haitian decree as valid under the laws of this Commonwealth.